UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Diane Alexander,                                   Case No. 3:12-cv-02704

       Plaintiff

   v.                                             MEMORANDUM OPINION
                                                                       AND ORDER

Deutsche Bank National Trust Co.,

       Defendant

### INTRODUCTION

Before me are the motions of Plaintiff Diane Alexander to remand this case to state court, (Doc. No. 11) and of Defendant Deutsche Bank National Trust Co. to dismiss for failure to state a claim, (Doc. No. 12). For the reasons stated below, Alexander's motion is denied and Deutsche Bank's motion is granted.

### BACKGROUND

In June 2006, Alexander executed a note and mortgage in favor of Argent Mortgage Company, L.L.C., in order to refinance property she owns in Sandusky, Ohio. (Doc. No. 11 at 1). On June 19, 2012, Deutsche Bank filed a foreclosure complaint against Alexander in state court, which it subsequently dismissed after Alexander filed an answer to the complaint. (Doc. No. 1-1 at 3-4). Alexander asserts Deutsche Bank attached two documents to the foreclosure complaint which purported to assign Alexander's mortgage. The first "was purportedly executed by Citi Residential Lending Inc., as 'Attorney-in-Fact' of Argent, and . . . assigned the Mortgage to [Deutsche Bank].

(Id. at 3). This assignment was recorded with the Erie County Recorder on March 18, 2009. (Id. at 23). Alexander asserts this assignment "was totally fraudulent due to lack of proper execution [and] is void and of no effect." (Id. at 3). The second document purports to assign the mortgage from Deutsche Bank "to itself"; Alexander also asserts that assignment is defective and void, but regarding which she does not articulate a demand for relief. (*See* Doc. No. 1-1 at 4-6).

On September 27, 2012, Alexander filed suit in the Court of Common Pleas of Erie County, Ohio, seeking a declaratory judgment concerning whether the first assignment of her mortgage note "[is] valid and properly recorded or subject to recording" and to quiet title "by declaration that the [first mortgage assignment] is void and was improperly recorded, and further ordering that it be cancelled of record . . . ." (Doc. No. 1-1 at 5). Deutsche Bank removed the case to federal court. (Doc. No. 1).

Alexander has filed a motion to remand her claims to state court in which she argues "the amount in controversy must be determined by the value of the property involved in this litigation, not the alleged amount owed under the loan." (Doc. No. 11 at 5). Alexander argues that, because the Erie County Auditor indicated in January 2012 the property at issue had a total appraised value of approximately $42,000, the amount in controversy falls short of the level mandated in 28 U.S.C. § 1332(a), and therefore removal was improper. (Id. at 4-5; Doc. No. 11-1). Deutsche Bank argues "in a declaratory judgment action which seeks to challenge the validity [of the] assignments of [a] mortgage, the amount in controversy is the amount due on the [n]ote." (Doc. No. 14 at 1).

Additionally, Deutsche Bank has filed a motion to dismiss, arguing Alexander "cannot state a claim for relief based on the Assignments because [she] is not a party to the Assignments and, therefore, [she] lacks standing to challenge them." (Doc. No. 12 at 4). Alexander asserts she seeks a declaration concerning whether Deutsche Bank "is entitled to cloud her title, an issue outside of challenging the validity of the Assignments of Mortgage." (Doc. No. 19 at 5).

2

**STANDARD**

It is axiomatic that a court must have jurisdiction at all times over the subject matter at issue in order to hear a case. Fed. R. Civ. Pro. 12(b)(1), 12(h)(3). The defendant in a civil action "brought in a State court[,] of which the district courts of the United States have original jurisdiction [may remove the case] . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where the basis for federal court jurisdiction is party diversity, "the matter in controversy [must exceed] the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a). The removing defendant bears the burden of proving the amount in controversy requirement has been met. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

In deciding a motion to dismiss under Rule 12(b)(6), a trial court's function is to test the legal sufficiency of the complaint. The court shall accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993). The court need not accept as true conclusions of law or unwarranted inferences cast in the form of factual allegations. *Republic Bank & Trust Co v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 246 (6th Cir. 2012).

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

ANALYSIS

**MOTION TO REMAND**

In an action for declaratory relief, the amount in controversy requirement "is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Alexander presents two causes of action in her complaint, one styled "Declaratory Judgment" and another styled "Quiet Title." (Doc. No. 1-1 at 5). The "object of the litigation" is the same in each count, however: Alexander seeks to have a court declare that the mortgage assignments are invalid. Deutsche Bank argues "[i]n a declaratory judgment action challenging the validity of [the] assignment [of] a promissory note and mortgage . . . the 'object of the litigation' for purposes of deciding the amount in controversy . . . is the value of the Note." (Doc. No. 14 at 2). Deutsche Bank argues the decisions of the district courts in *Wright v. Sand Canyon Corp.*, No. 5:10-cv-2188, 2011 WL 1792815 (N.D. Ohio May 11, 2011), and *Kalmanson v. Mortgage Elec. Registration Sys., Inc.*, No. 1-11-cv-482, 2011 WL 7143121 (S.D. Ohio Dec. 23, 2011), support its contention that the value of the mortgage note satisfies the amount in controversy. (Id. at 2-3).

In *Wright,* the plaintiffs filed a claim in state court seeking to invalidate an assignment of their mortgage. *Wright*, 2011 WL 1792815, at *1. The defendants removed the case on the basis of diversity jurisdiction and the plaintiffs sought remand, arguing in part the amount in controversy requirement was not met. *Id.* The court reasoned the plaintiffs' challenge to the validity of the assignment implicated the value of the original amount of the note and concluded the amount in controversy requirement was satisfied. *Id.* at *1-2.

In *Kalmanson*, the plaintiff sought "adjudication as to what interest, if any, [the defendant] ha[d] in the property and declaratory relief in the form of a judgment ordering that the property be conveyed to plaintiff." *Kalmanson*, 2011 WL 7143121, at *2. The plaintiff argued there was no amount due on the mortgage at issue or to the defendant under the mortgage and therefore the jurisdictional amount in controversy requirement was not met. *Id.* The court rejected the plaintiff's

4

argument and concluded that, because the value of the mortgage note exceeded $75,000, the amount in controversy clause was satisfied. *Id.* at 3.

As I noted above, Alexander argues "the amount in controversy must be determined by the value of the property involved in this litigation . . . ." (Doc. No. 11 at 5). While Alexander uses the terminology of a quiet title action, the nub of her claims concerns the enforceability of Deutsche Bank's interest in the mortgage and note Alexander executed with regard to the property, and not ownership of the property itself. Alexander does not dispute Deutsche Bank's contention that the balance due on the note is in excess of $82,000.[1] (*See* Doc. No. 1 at 2). I conclude the amount in controversy requirement of § 1332(a) has been met, and deny Alexander's motion to remand.

**MOTION TO DISMISS**

Deutsche Bank asserts Alexander's claims "fail as a matter of law because [she] lacks standing to challenge the assignments of mortgage on which the allegations in the Complaint are based." (Doc. No. 12 at 3). Deutsche Bank argues "borrowers like [Alexander] may not challenge a mortgage assignment between an assignor and assignee because they are not parties to the assignment." (Id. at 5). Alexander argues she challenges Deutsche Bank's authority to "cloud her title . . . ." (Doc. No. 19 at 5). Alexander also claims, even if this litigation concerned only the validity of the mortgage assignments, those assignments "relate directly to whether [Deutsche Bank] is entitled to enforce both [her] Note and Mortgage." (Id.).

A number of Ohio appellate courts have applied the general principal that a debtor may not challenge an assignment between an assignor and an assignee and concluded that, under Ohio law, a mortgagor does not have standing to challenge an assignment of a mortgage. In *Bank of New York Mellon Trust Co. v. Unger*, No. 97315, 2012 WL 1567192 (Ohio Ct. App., May 3, 2012), the court of appeals affirmed the trial court's grant of summary judgment to the bank because the mortgagors

---

[1] I disagree with the court's implication in *Wright* that the "original amount of the note" establishes the value of the object of the litigation. *See Wright*, 2011 WL 1792815 at *1. If, for example, Alexander owed $30,000 on the mortgage note, "it [would be] obvious that the suit [could] not involve the necessary amount," as the value of the declaratory relief sought could not exceed the amount which Alexander owed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

5

"lacked standing to challenge the mortgage assignments." *Id.* at *7. The court also rejected the mortgagors' argument they were entitled to quiet title to the property in their favor. The court concluded "[t]he mortgage is not a 'cloud' on the [mortgagors'] title, and neither are the mortgage assignments." *Id.*; *see also LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, No. 11AP-757, 2012 WL 4502457, at *8 (Ohio Ct. App., Sept. 28, 2012) (holding the mortgagor "lacked standing to challenge the validity of the assignment of the note and mortgage"), *Deutsche Bank Nat'l Trust Co. v. Rudolph*, No. 98383, 2012 WL 6727811, at *4 (Ohio Ct. App., Dec. 27, 2012) (reversing trial court grant of mortgagor's motion to dismiss a foreclosure complaint after concluding the mortgagor lacked standing to challenge the validity of a mortgage assignment because "an assignment does not alter the mortgagor/debtor's obligations under the note or mortgage . . .").

Alexander argues "the Assignments of Mortgage relate directly to whether [Deutsche Bank] is entitled to enforce . . . [the] Note and Mortgage." (Doc. No. 19 at 5). She points to the Supreme Court of Ohio's decision in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 979 N.E.2d 1214 (Ohio 2012), and asserts that opinion "made it clear that assignments of mortgage are not only relevant, but necessary in establishing that a party is entitled to foreclose . . . ." (*Id.*).

In *Schwartzwald*, the court noted standing is determined as of the time of the filing of a complaint and concluded "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Schwartzwald*, 979 N.E.2d at 1216. In that case, the plaintiff did not receive an assignment of the mortgage until after filing the foreclosure complaint. *Id.* at 1217. The court determined "a litigant cannot . . . cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation . . . ." *Id.* at 1223. The court then concluded the plaintiff did not have standing to foreclose on the defendants' property. *Id.* Contrary to Alexander's implication, *Schwartzwald* does not create standing for her to

6

challenge the mortgage assignment at issue in this case, and so by law she is not entitled to the declarative relief she seeks in her complaint.

It does not follow, however, that Alexander is wholly barred from challenging the assignment. The Supreme Court of Ohio acknowledged the general principle "that standing is a 'jurisdictional requirement'" that, if not present, subjects the complaint to dismissal. *Schwartzwald*, 979 N.E.2d at 1219. The court also stated "[w]here [a] party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged . . . a 'personal stake in the outcome of the controversy.'" *Id.* (*quoting Cleveland v. Shaker Heights*, 507 N.E.2d 323, 325 (Ohio 1987)). As the Sixth Circuit has noted, "[a]n obligor 'may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void.' . . . Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice." *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 399 F. App'x 97, 102 (6th Cir. 2010) (*citing* 6A C.J.S. *Assignments* § 132 (2010)).

I have been unable to identify any case in which an Ohio court ruled a mortgagor, through an affirmative defense, could or could not contest the standing of a plaintiff in a foreclosure action, and thus force the plaintiff to prove it was the actual holder of the mortgage or note, though some have implied that such a course is permissible. *See, e.g., Wells Fargo Bank, N.A. v. Brandle*, No. 2012CA0002, 2012 WL 3140256 (Ohio Ct. App., Aug. 3, 2012) (ruling homeowner had not been prevented from raising alleged acts of fraud or misrepresentation in a responsive pleading); *PNC Bank, Nat'l Ass'n v. Botts*, No. 12AP-256, 2012 WL 5868891, at *5 (Ohio Ct. App., Nov. 20, 2012) (affirming trial court's denial of homeowner's Ohio Civ.R. 60(B) motion when the homeowner "could have filed an appeal from the decree of foreclosure contesting PNC's standing").

Despite these intimations, however, I conclude it would not be appropriate for me to issue a declaration upon the validity or invalidity of the mortgage assignments at issue here. The Supreme

7

Court of Ohio has stated "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Schwartzwald*, 979 N.E.2d at 1223.  A ruling on whether Deutsche Bank has standing to bring a hypothetical action would be only advisory in nature and thus inappropriate.  *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (The judgments of a federal court "must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'").  Therefore, at this time, it is more appropriate for the resolution of this percolating dispute to arise from a ruling on an affirmative defense in response to a future foreclosure action, if one is filed.

## CONCLUSION

For the reasons stated above, Alexander's motion to remand (Doc. No. 11) is denied and Deutsche Bank's motion to dismiss (Doc. No. 12) is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8